[Cite as *State v. Hall*, 2011-Ohio-2527.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                          |   |                          |
|--------------------------|---|--------------------------|
| STATE OF OHIO,           | : | APPEAL NO. C-100097      |
|                          |   | TRIAL NO. B-9807452      |
|    Plaintiff-Appellee, | : |              |
|                          |   | *D E C I S I O N.*       |
| vs.                      | : |                          |
|                          |   |                          |
| FREDRICK HALL,           | : |                          |
|                          |   |                          |
|    Defendant-Appellant. | : |              |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 27, 2011


*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.


Please note:  This case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    Defendant-appellant Fredrick Hall shot Johann Hart and Kevin Davis from a moving vehicle on October 17, 1998.  With respect to each victim, Hall was indicted on two counts of felonious assault, in violation of R.C. 2903.11(A)(1) and 2903.11(A)(2), and one count of attempted murder, in violation of R.C. 2923.02(A).  Each of these charges included three firearm specifications, as set forth in R.C. 2941.141,[1] R.C. 2941.145,[2] and R.C. 2941.146.[3]  Hall was also indicted on one count of failure to comply, in violation of R.C. 2921.33.

{¶2}    Hall's first trial ended in a hung jury, and the court declared a mistrial.  After a second trial, a jury found Hall guilty of all counts and specifications except for the count charging Hall with the attempted murder of Davis.

{¶3}    At an August 1999 sentencing hearing, the trial court merged some of the counts and some of the firearm specifications within each count and stated that it was imposing an aggregate prison term of "39 years and five months."  The trial court failed to provide Hall with the proper postrelease-control notifications at the sentencing hearing or in the sentencing entry.

{¶4}    Hall appealed his convictions and sentences, arguing in part that the trial court had erred by failing to merge his attempted-murder and felonious-assault convictions because they involved allied offenses of similar import.[4]  This court affirmed

---

[1] R.C. 2941.141 provides for a mandatory one-year prison term where the offender had a firearm while committing the offense.
[2] R.C. 2941.145 provides for a mandatory three-year prison term where the offender displayed, brandished, indicated possession of or used the firearm while committing the offense.
[3] R.C. 2941.146 provides for a mandatory five-year prison term where the offender discharged a firearm from a motor vehicle.
[4] Neither party challenged the trial court's imposition of three consecutive five-year prison terms for the firearm specifications.

the trial court's judgment in all respects.[5]  However, in our decision, we erroneously stated that the trial court had imposed an aggregate sentence of 34 years and five months. Subsequently, the Ohio Supreme Court denied Hall leave to appeal our decision and dismissed his appeal.

{¶5}    In July 2009, the trial court ordered that Hall, who was still serving his prison term, be returned to the court for resentencing due to the trial court's failure to give Hall the proper postrelease-control notification.   At the "de novo" sentencing hearing, the trial court imposed the same sentences, corrected a mistake in the original sentencing entry, and notified Hall of his postrelease-control obligations orally and in the journal entry.  The trial court also indicated that it was modifying the original entry "nunc pro tunc."   Hall now appeals from the sentence imposed by the trial court at the second sentencing hearing.

{¶6}    In his first assignment of error, Hall argues that the attempted murder and the felonious assaults were allied offenses of similar import, committed neither separately nor with a separate animus, and therefore that the offenses should have merged into one conviction and sentence.   In his second assignment of error, he argues that the felonious assaults against the same victim were allied offenses of similar import and that the trial court failed to "merge" these convictions, even though the court imposed a sentence only for his violations of R.C. 2903.11(A)(1).

{¶7}    Before we address these assignments of error, we must first determine the proper scope of the resentencing hearing.   In conducting a de novo resentencing hearing, the trial court presumably acted in conformity with the Ohio Supreme Court's decision in *State v. Singleton*,[6] which required the trial court to hold a de novo sentencing hearing to

---

[5] *State v. Hall* (Aug. 18, 2000), 1st Dist. No. C-990639.
[6] 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph one of the syllabus.

3

correct a postrelease-control defect in a sentence imposed before July 11, 2006, notwithstanding the language of R.C. 2929.191. The court in *Singleton* followed prior supreme court decisions, including *State v. Bezak*,[7] that defined the scope of a pre-R.C. 2929.191 sentencing hearing in a case remanded to correct a defect in postrelease control that had rendered the original sentence void. In light of these cases, the trial court sentenced Hall on each of the felony offenses de novo, "as if there had been no original sentence."[8]

{¶8} But during the pendency of this appeal, the Ohio Supreme Court released its decision in *State v. Fischer*,[9] which limited the *Bezak* remedy adopted by the *Singleton* court. The *Fischer* court reaffirmed the part of *Bezak* holding that a sentence that fails to include a statutorily mandated term of postrelease control is void.[10] But the court clarified that when a trial court does not properly impose postrelease control as part of a defendant's sentence, "that *part* of the sentence * * * is void and must be set aside,"[11] and that "only the offending portion of the sentence is subject to review and correction."[12] Thus, "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the sentencing hearing."[13]

{¶9} The *Fischer* court explained that the remedy announced in *Bezak* needed to be modified because the remedy failed to consider, consistent with the court's decision in *State v. Saxon*,[14] that the non-void portion of a sentence remains valid under principles of res judicata.[15] To this end, the court held, in paragraph three of the syllabus, that res

---

[7] 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.
[8] Id. at ¶16.
[9] 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus.
[10] Id. at paragraph one of the syllabus.
[11] Id. at ¶26, quoted in *State v. Brown*, 1st Dist. Nos. C-100309 and C-100310, 2011-Ohio-1029, at ¶9 (italics in the original).
[12] Id. at ¶27.
[13] *Fischer* at paragraph four of the syllabus.
[14] 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.
[15] *Fischer* at ¶36, citing *State v. Saxon*, supra, at paragraph three of the syllabus.

judicata does not preclude review of a void sentence, but it "still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence."

{¶10} In addition to modifying the remedy in *Bezak*, the *Fischer* court applied that remedy to the case before it, which did not involve a resentencing pursuant to a remand, but instead involved a resentencing ordered upon the defendant's motion. And the court held that Fischer's first appeal was not a nullity, despite the defect in his original sentence with respect to postrelease control.[16] The *Fischer* court ultimately affirmed the appellate court's judgment.[17]

{¶11} In this case, as in *Fischer*, the only issues arising at the resentencing, and thus subject to review, were those encompassing the postrelease-control notification. The trial court's failure to notify Hall of postrelease control at his August 1999 sentencing hearing had rendered that part of Hall's sentences void. The trial court's authority was limited under R.C. 2929.191 and *Fischer* to correction of the postrelease-control defect.

{¶12} While the issue of postrelease control properly arose at the resentencing hearing and is properly before us for review, the doctrine of res judicata "still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence."[18] The allied-offenses issues that Hall now raises could have been raised in his original direct appeal and some in fact were raised and rejected in that appeal. Thus, res judicata bars consideration of these issues in this appeal.[19] Accordingly, we overrule the first and second assignments of error.

---

[16] Id. at ¶37.
[17] See *Fischer* at ¶36 and ¶40.
[18] *Fischer* at paragraph three of the syllabus.
[19] See *Brown*, supra, at ¶12, citing *Fischer* at paragraph three of the syllabus; *State v. Goldsmith*, 8th Dist. No. 95073, 2011-Ohio-840, at ¶11. See, also, *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (a "decision of a reviewing court in a case remains the law of that case on all the

{¶13} In his final assignment of error, Hall challenges other nonpostrelease-control aspects of his sentence. He contends that the maximum and consecutive sentences imposed by the court at the resentencing were excessive and were not in compliance with R.C. 2929.11. But under *Fischer*, Hall's challenge to the trial court's imposition of maximum and consecutive terms of incarceration is not properly before this court for review.

{¶14} Hall also argues that at the resentencing hearing the trial court erroneously increased his aggregate sentence of incarceration to 39 years and five months. In support, he cites the trial court's statement at the 2010 resentencing that it was reimposing the original sentence of "37 years" and this court's pronouncement in Hall's direct appeal that Hall had been sentenced to "34 years and five months."

{¶15} We do not agree with Hall that the trial court increased his aggregate sentence in 2010. Rather, the trial court misspoke at the 2010 sentencing hearing, and this court miscalculated the length of Hall's sentence in the direct appeal.

{¶16} While the trial court did correct language in the 1999 entry to reflect that the term imposed for the firearm specification in count six would be consecutive to the term imposed for the firearm specification in count three, the court was permitted to do so by nunc pro tunc entry.[20] The correction reflected the actual sentence the court had imposed at the 1999 sentencing hearing. Thus, the trial court's use of the "nunc pro tunc" language in the 2010 entry was appropriate.

{¶17} Accordingly, we overrule the third assignment of error.

{¶18} Therefore, the judgment of the trial court is affirmed.

---

legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels"); *State v. Love*, 1st Dist. No. C-100563, 2011-Ohio-2224, at ¶5.
[20] Crim.R. 36(A).

Judgment affirmed.

**CUNNINGHAM, P.J., HENDON** and **DINKELACKER, JJ.**

Please Note:

The court has recorded its own entry on the date of the release of this decision.