[Cite as *State v. Buckner*, 2011-Ohio-4358.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-100666 |
| | | TRIAL NOS. B-9903656A |
| Plaintiff-Appellee, | : | B-9903995 |
| vs. | : | *D E C I S I O N.* |
| EARL BUCKNER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed as Modified

Date of Judgment Entry on Appeal: August 31, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *James Michael Keeling*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Clodfelter & Gutzwiller* and *Joseph Krause*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge**.

{¶1}    In 1999, defendant-appellant Earl Buckner was convicted of two counts of drug trafficking and four counts of having weapons under a disability.  His convictions were affirmed on appeal.[1]   In 2002, we reopened Buckner's appeal and vacated the sentences imposed for the four counts of having weapons under a disability because the offenses were allied and of similar import.[2]   On remand, the trial court, in Buckner's absence, sentenced him for a single weapons offense.

{¶2}    In December 2007, Buckner filed in the trial court a "motion to correct a void sentence," arguing that his sentences were void under the Ohio Supreme Court's decisions in *State v. Jordan*[3] and *State v. Bezak*,[4] because the trial court had failed to adequately advise him about postrelease control.  The trial court overruled the motion.  On appeal, we vacated Buckner's sentences and remanded the case for resentencing, because the trial court had failed to adequately advise Buckner concerning postrelease control, and because Buckner had not been present in 2002 when the trial court had sentenced him on the weapons offense.[5]

{¶3}    The trial court resentenced Buckner in September of 2009.  On appeal, we determined that the trial court had erred in failing to properly advise Buckner concerning postrelease control, failing to incorporate Buckner's jail-time credit in its sentencing entries, and failing to impose mandatory fines for Buckner's drug offenses in the absence of evidence that he was indigent.  We vacated Buckner's sentences and

---

[1] See *State v. Buckner* (Oct. 25, 2000), 1st Dist. Nos. C-990670 and C-990671, discretionary appeal not allowed (2001), 91 Ohio St.3d 1459, 743 N.E.2d 400.
[2] See *State v. Buckner* (March 31, 2002), 1st Dist. Nos. C-990670 and C-990671.
[3] 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864.
[4] 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.
[5] See *State v. Buckner*, 1st Dist. No. C-080684, 2009-Ohio-3612.

remanded the case "for a new sentencing hearing, and for resentencing on all offenses, including any mandatory fines and the proper calculation of jail-time credit."[6]

{¶4} On October 4, 2010, the trial court resentenced Buckner pursuant to our remand. The court reimposed eight years for trafficking in cocaine, five years for preparing cocaine for sale, one year for the firearm specification attached to the preparation count, and one year for having weapons while under a disability, for an aggregate sentence of 15 years' incarceration. The court also imposed fines of $25,000, plus fees and costs. The court credited Buckner with 4129 days of jail-time served.

{¶5} Buckner now appeals his 2010 resentencing, raising six assignments of error for our review. Buckner's first and second assignments of error allege that the trial court erred in failing to properly consider the sentencing guidelines in R.C. 2929.11 and R.C. 2929.12, and that the court erred in failing to merge the drug-trafficking and drug-preparation counts as allied offenses of similar import.

{¶6} In *State v. Fischer*,[7] the Ohio Supreme Court stated, "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence."[8] Therefore, "when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended,"[9] and principles of res judicata preclude any subsequent challenge to the lawful aspects of the sentence.[10]

{¶7} In our August 11, 2010, judgment, we reversed only the portion of Buckner's sentences dealing with the imposition of postrelease control, the imposition of

---

[6] See *State v. Buckner* (Aug. 11, 2010), 1st Dist. No. C-090658.
[7] 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.
[8] Id., paragraph three of the syllabus.
[9] Id. at ¶28.
[10] Id.; *State v. Hall*, 1st Dist. No. C-100097, 2011-Ohio-2527, ¶9; *State v. Thomas*, 1st Dist. Nos. C-100411 and C-100412, 2011-Ohio-1331, ¶15.

mandatory fines, and the proper calculation of jail-time credit. Those aspects of his sentences that were not void were final and appealable when imposed.[11] Therefore, in this appeal from Buckner's 2010 resentencing, res judicata bars his allied-offenses challenge to the sentences imposed in 1999 for drug trafficking and preparation and his challenge to the trial court's compliance with the felony sentencing guidelines.

{¶8} We point out that the drug offenses, which Buckner claims are allied and of similar import, took place on different days approximately one month apart. The trafficking-in-cocaine offense took place on or about May 7, 1999, and the preparation-of-cocaine offense took place on or about June 2, 1999. Further, we note that, in a prior appeal, we upheld the sentences imposed for the drug and weapons offenses in the face of the same argument, that the trial court had not properly considered the sentencing guidelines. The first and second assignments of error are overruled.

{¶9} Buckner's third assignment of error alleges that the trial court erred in failing to find that he was indigent and in imposing mandatory fines.

{¶10} In Buckner's previous appeal, we stated, "Additionally, we note that the trial court failed to impose the mandatory fines for Buckner's second-degree-felony conviction for trafficking in cocaine and his third-degree-felony conviction for preparation of cocaine for sale, with specifications. Because the record does not indicate that Buckner met the statutory prerequisites for avoiding the fines, the trial court's omissions rendered the sentences for those offenses void."[12]

{¶11} On remand, Buckner filed an affidavit of indigency and a memorandum in support of the affidavit. At the September 23, 2010, sentencing hearing, Buckner's undisputed testimony established that he had been incarcerated for over ten years, that

---

[11] See *State v. Fischer*, supra, at ¶28; *State v. Hall*, supra, at ¶9; *State v. Thomas*, supra, at ¶15.
[12] *State v. Buckner* (Aug.11, 2010), 1st Dist. No. C-090658.

he possessed no significant physical or monetary assets, and that his total income was $17 per month. Nevertheless, the trial court did not make a finding that Buckner was indigent, and proceeded to impose mandatory fines of $25,000.

{¶12} It is clear from the record that Buckner is indigent within the meaning of R.C. 2929.18(B)(1). Therefore, we must vacate the mandatory fines imposed by the trial court. The third assignment of error is sustained.

{¶13} Buckner's fourth assignment of error alleges that the trial court erred in changing the starting date of Buckner's five-year driver's license suspension from September 16, 1999, to September 23, 2010.

{¶14} In the absence of any other matter that would have voided a separate portion of the sentence, the only issues subject to review by the trial court at resentencing concerned the specific aspects of Buckner's sentences that had been vacated on appeal, i.e., the imposition of postrelease control, the imposition of mandatory fines, and the calculation of jail-time credit. Under *Fischer*, the trial court's authority was limited to those issues.[13] Therefore, the trial court had no authority to change the starting date of Buckner's driver's license suspension. The fourth assignment of error is sustained.

{¶15} The fifth assignment of error alleges that the trial court failed to properly advise Buckner concerning postrelease control.

{¶16} Buckner's conviction for trafficking in cocaine, a second-degree felony, subjects him, upon his release from incarceration, to a mandatory three-year period of postrelease control.[14] Buckner's conviction for preparing cocaine for sale, a third-degree

---

[13] See *State v. Hall*, supra, at ¶11; *State v. Harris*, 1st Dist. Nos. C-100470 and C-100471, 2011-Ohio-2729, ¶6.
[14] R.C. 2967.28(B)(2).

felony, subjects him to a discretionary three-year period of postrelease control.[15] The trial court properly advised Buckner that, upon his release from incarceration, he would be subject to a mandatory three-year period of postrelease control for the trafficking offense. The trial court mistakenly informed Buckner that his three-year period of postrelease control for the preparation offense was mandatory. Buckner argues that the trial court erred in stating that the three-year period of postrelease control for the preparation offense was mandatory and not discretionary.

{¶17} R.C. 2967.28(F)(4)(c) provides, "If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other."

{¶18} Under R.C. 2967.28(F)(4)(c), Buckner will be serving his terms of postrelease control concurrently. The trial court correctly advised Buckner that because he had been convicted of a second-degree felony, he was subject to a mandatory three-year period of postrelease control upon his release from incarceration. The discretionary three-year postrelease control term for his third-degree felony was essentially irrelevant.[16] Any error in the failure of the trial court to inform Buckner that he may be subject to discretionary postrelease control for the same period as his mandatory postrelease control was harmless.[17] The fifth assignment of error is overruled.

{¶19} The sixth assignment of error alleges that the trial court erred in calculating Buckner's jail-time credit. The trial court credited Buckner with 4129 days served. A review of the record shows that the trial court's calculation was correct. From

---

[15] R.C. 2967.28(C).
[16] See *State v. Brown*, 9th Dist. No. C.A. No. 25099, 2010-Ohio-5327.
[17] See *State v. Ballou*, 8th Dist. No. 95733, 2011-Ohio-2925.

Buckner's arrest on June 4, 1999, to the sentencing hearing on September 23, 2010, Buckner had been incarcerated 4129 days. The sixth assignment of error is overruled.

**{¶20}** The fines imposed by the trial court are hereby vacated. Further, the trial court's judgment is modified to reflect that Buckner's five-year driver's license suspension commenced on September 16, 1999. The judgment of the trial court is affirmed as modified.

Affirmed as modified.

**SUNDERMANN** and **CUNNINGHAM, JJ.**, concur.

Please Note:

The court has recorded its own entry this date.