[Cite as *State v. Jones*, 2011-Ohio-6554.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NOS. C-100786 |
| | | C-100787 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-9609089 |
| | | B-9805336-A |
| vs. | : | |
| CLIFFORD JONES, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed in C-100786;
                                                Dismissed in C-100787

Date of Judgment Entry on Appeal:  December 21, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Robert R. Hastings, Jr.*, and *Susanna M. Meyer*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    In these consolidated appeals, defendant-appellant Clifford Jones appeals the judgments of the Hamilton County Court of Common Pleas correcting his sentences in the cases numbered B-9805336-A and B-9609089.   For the reasons that follow, we affirm the appeal numbered C-100786, and we dismiss the appeal numbered C-100787 as abandoned.

## Relevant Background Facts

{¶2}    In 1998, in the case numbered B-9805336-A, Jones was found guilty of two counts of kidnapping and two counts of aggravated robbery, each with a firearm specification.   Jones was sentenced to serve eight years of incarceration on each kidnapping count and ten years of incarceration on each aggravated robbery count, to be served consecutively to each other and consecutively to a three-year prison term for the firearm specifications.   The court imposed an aggregate term of 39 years' incarceration.

{¶3}    In addition, as a result of his new convictions, Jones was found guilty of a probation violation in the case numbered B-9609089.   For the probation violation, the trial court sentenced Jones to three years of incarceration, to be served consecutively to the prison terms imposed in the case numbered B-9805336-A.

{¶4}    Jones appealed his convictions, and his appeals were consolidated. This court affirmed the trial court's judgment in the case numbered B-9805336-A. In the case numbered B-9609089, we affirmed the judgment in part and vacated the sentence because we held that the trial court had failed to make findings that were mandatory at the time and to properly credit Jones for time served, both defects that the trial court corrected on remand.   See *State v. Jones* (Dec. 17, 1999), 1st Dist Nos. C-981007 and C-981008.

{¶5}    In July 2010, Jones filed a motion seeking a new sentencing hearing in the case numbered B-9805336-A on the ground that his sentence was void

because the trial court had failed to adequately notify him of postrelease control. The court granted that motion to the extent that it ordered that Jones be returned to the trial court for the imposition of postrelease control.

{¶6}    In August 2010, Jones was returned to the trial court for the correction of his sentence. The court, after notifying him of his postrelease-control obligations, entered a judgment of conviction imposing a sentence on each count to which Jones had pleaded guilty.

{¶7}    After Jones had filed his notice of appeal to this court, the former Governor of Ohio, under Section 11, Article III of the Ohio Constitution, commuted Jones's aggregate prison term in the case numbered B-9805336-A from 39 years of incarceration to 18-39 years of incarceration. The warrant of commutation was entered on February 10, 2011.

## Appeal No. C-100787

{¶8}    Appeal No. C-100787 is taken from the judgment rendered in the case numbered B-9609089. As Jones has not presented any assignments of error or argument for review in that appeal, we dismiss it. See *State v. Perez*, 1st Dist. Nos. C-040363, C-040364, and C-040365, 2005-Ohio-1326, ¶22-24, citing App.R. 12(A)(1)(b) and 16(A). See, also, *State v. Bertram* (May 8, 1998), 1st Dist. Nos. C-960005 and C-960006.

## Appeal No. C-100786

{¶9}    Appeal No. C-100786 is taken from the judgment entered in the case numbered B-9805336-A. The state moved to dismiss the appeal, claiming that the judgment Jones has appealed no longer exists as a result of the warrant of commutation issued by the former Governor. The state also argues that no further appeal of Jones's sentence is possible because the Governor's use of clemency power is not subject to judicial review, if the use conforms to the Constitution, citing *State ex rel. Maurer v. Sheward*, 71 Ohio St.3d 513, 1994-Ohio-496, 644 N.E.2d 369. We

denied the state's motion by order dated July 20, 2010, and we decline the state's invitation to revisit the issue. However, we now explain the basis of our order.

{¶10} This court's appellate review is limited to orders that are final and appealable. Section 3(B)(2), Article IV, Ohio Constitution ("Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the courts of appeals within the district.") See, also, R.C. 2953.02. We apply the definition of "final order" found in R.C. 2505.02 to determine if an order issued by a trial court in a criminal proceeding is a reviewable final order. *State v. Muncie*, 91 Ohio St.3d 440, 444, 2001-Ohio-93, 746 N.E.2d 1092, citing *State ex rel. Leis v. Kraft* (1984), 10 Ohio St.3d 34, 36, 460 N.E.2d 1372.

{¶11} Jones appeals from his 2010 judgment of conviction in the case numbered B-9805336-A that now contains postrelease control as part of his sentence. That judgment of conviction affects a substantial right, determines the action, and prevents a judgment in Jones's favor, and, therefore, qualifies as a final order under R.C. 2505.02(B)(1). See *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶9, modified on other grounds in *State v. Lester*, Supreme Court Nos. 2010-1007 and 2010-1372, 2011-Ohio-5204.

{¶12} Notwithstanding that the commuted prison term supersedes the prison term imposed by the court in 1998, see R.C. 2967.01(C), the judgment Jones appeals meets the requirements of a final, appealable order as defined in R.C. 2505.02(B)(1). Because the state has not cited any authority that contradicts our jurisdiction to review this judgment, we address the merits of the appeal.

{¶13} Jones raises three assignments of error. In essence, he claims that the trial court erred by failing to merge his sentences, in violation of his double jeopardy rights and R.C. 2941.25, and by sentencing him based on facts not

4

contained in the record. We address the three assignments of error together and find that they are not well taken.

{¶14} At Jones's August 2010 hearing, the trial court's authority was limited to correcting Jones's sentences to the extent that they were void for inadequate postrelease-control notification. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶29; *State v. Hall*, 1st Dist. No. C-100097, 2011-Ohio-2527, ¶11. The scope of an appeal from such a resentencing is limited to issues arising at the resentencing hearing. *Fischer*, at paragraph four of the syllabus. And, to the extent that Jones's claims involve aspects of his sentence that were not void and that were raised or could have been raised in his direct appeal from his 1998 conviction, the doctrine of res judicata precludes our review of these challenges in this appeal. See *Fischer*, supra, at paragraph three of the syllabus and at ¶36; *Hall*, supra, at ¶12. See, also, *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.

{¶15} Accordingly, we affirm the judgment in the case numbered C-100786.

*Judgment accordingly.*

**HENDON, P.J., CUNNINGHAM** and **FISCHER, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this decision.