[Cite as *State v. Copeland*, 2012-Ohio-4665.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120054 |
| | | TRIAL NO. B-0304897 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| DEMETRIUS COPELAND, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentences Vacated in Part, and Cause  Remanded

Date of Judgment Entry on Appeal:  October 10, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Brian Goldberg*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**J. HOWARD SUNDERMANN, Judge.**

{¶1} In this, his third appeal, defendant-appellant Demetrius Copeland challenges the sentences imposed by the trial court following this court's remand in *State v. Copeland*, 1st Dist. No. C-110120, 2011-Ohio-6034 ("*Copeland II*"), for notification of Copeland's postrelease-control obligations. We remand this case to the trial court for entry of a nunc pro tunc order correcting his sentences to reflect the modifications to Copeland's sentences for carrying a concealed weapon and having a weapon under a disability made in Copeland's first direct appeal, *State v. Copeland*, 1st Dist. No. C-030907 (October 24, 2004) ("*Copeland I*"). In all other respects, we affirm the trial court's decision.

### I. The First Appeal

{¶2} In 2003, Copeland was found guilty, following a jury trial, of six counts of aggravated robbery, six counts of robbery, one count of carrying a concealed weapon, and one count of having a weapon under a disability. At sentencing, the trial court merged the aggravated-robbery and robbery offenses. It sentenced Copeland to five years in prison for each aggravated robbery, to 18 months in prison for carrying a concealed weapon, and to 12 months in prison for having a weapon under a disability. The trial court ordered that the sentences for each aggravated robbery be served consecutively, but concurrently with the sentences imposed for carrying a concealed weapon and having a weapon under a disability, for an aggregate term of 30 years in prison.

{¶3} In his direct appeal, Copeland raised three assignments of error, challenging the effectiveness of his trial counsel, the weight and sufficiency of the evidence adduced in support of his convictions, and his sentence. In *Copeland I*, we affirmed the trial court's findings of guilt, but we modified Copeland's sentence based upon the trial court's failure to make the necessary findings for

imposing the maximum prison terms for carrying a concealed weapon and having a weapon under a disability. We reduced Copeland's sentence for carrying a concealed weapon to 17 months and his sentence for having a weapon under a disability to 11 months. Copeland appealed to the Ohio Supreme Court, which declined further review. *See State v. Copeland*, 105 Ohio St.3d 1463, 2005-Ohio-1024, 824 N.E.2d 91; *State v. Copeland*, 106 Ohio St.3d 1487, 2005-Ohio-3978, 832 N.E.2d 739.

## II. The Second Appeal

{¶4} In February 2010, Copeland filed a motion seeking a new sentencing hearing. He argued that his sentences were void because the trial court had failed to adequately notify him of his postrelease-control obligations. The trial court overruled the motion. Copeland appealed. Upon our determination that Copeland's "sentences [we]re void to the extent that he was not adequately notified regarding post release control," we remanded his case to the trial court for "correction of the offending portions of his sentence." *See State v. Copeland*, 1st Dist. No. C-110120, 2011-Ohio-6034, ¶ 7 ("*Copeland II*").

## III. This Appeal

{¶5} Following our decision in *Copeland II*, Copeland was returned to the trial court. After orally notifying Copeland of his postrelease-control obligations, the trial court entered a judgment of conviction on January 10, 2012, sentencing Copeland to the same prison terms that it had, in 2003, originally imposed.

{¶6} Copeland now appeals, raising two assignments of error. In his first assignment of error, Copeland argues that the aggravated-robbery offenses are allied offenses of similar import that the trial court should have merged into one conviction and one sentence. In his second assignment of error, Copeland

3

argues that the trial court erred by imposing consecutive sentences without making the required findings.

{¶7}   But under the Ohio Supreme Court's decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the scope of Copeland's appeal following a remand for the proper imposition of postrelease control is limited to postrelease-control issues. *See State v. Brown*, 1st Dist. Nos. C-100309 and C-100310, 2011-Ohio-1029, ¶ 9-10; *see also State v. Hall*, 1st Dist. No. C-100097, 2011-Ohio-2527, ¶ 9-11; *State v. Jones*, 1st Dist. Nos. C-100786 and C-100787, 2011-Ohio-6554, ¶ 14.   Res judicata bars any challenge to any other aspect of his convictions. *See Brown* at ¶ 12; *Hall* at ¶ 12; *Jones* at ¶ 14.   Because Copeland's allied-offenses and consecutive-sentence challenges could have been raised in *Copeland I*, we overrule his assignments of error.

{¶8}   But we sua sponte vacate the sentences imposed for carrying a concealed weapon and having a weapon under a disability.   We remand this case to the trial court to correct its judgment of conviction nunc pro tunc to January 10, 2012, to reflect this court's modification of Copeland's sentence to 17 months' incarceration for carrying a concealed weapon and to 11 months' incarceration for having a weapon under a disability, as articulated in this court's October 24, 2004, judgment entry. We affirm the trial court's judgment in all other respects.

Judgment accordingly.

**HILDEBRANDT, P.J.,** and **DINKELACKER, J.** concur.

Please note:
    The court has recorded its own entry this date.