[Cite as *State v. Morales*, 2017-Ohio-4273.]

STATE OF OHIO         )             IN THE COURT OF APPEALS
                            )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                      C.A. No.     28493

     Appellee

     v.                            APPEAL FROM JUDGMENT
                                 ENTERED IN THE
MARCEL A. MORALES          COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
     Appellant                CASE No.     CR 04 09 3018

DECISION AND JOURNAL ENTRY

Dated: June 14, 2017

---

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, Marcel A. Morales, appeals the judgment of the Summit County Court of Common Pleas denying his motion to correct post-release control. We affirm.

I.

**{¶2}** This is the third appeal Morales has taken involving his criminal convictions and sentence. In a prior appeal, *State v. Morales*, 9th Dist. Summit No. 27765, 2016-Ohio-3313 ("*Morales I*"), this Court set forth the basic underlying factual and procedural history as follows:

> In 2004, Morales was indicted on nineteen counts, ranging from breaking and entering to aggravated robbery and attempted murder. Nine of the counts included firearm specifications. He pled guilty to thirteen of the counts, and the State dismissed the balance of the charges including the attempted murder charges.
>
> Morales' written plea of guilty indicates that he and the prosecutor agreed to recommend nine-year sentences for two aggravated robberies and three-year sentences for firearm specifications attached to those counts. His written plea further indicates that the parties agreed those sentences should be run consecutively for a total of twenty-four years with the sentences for the other counts to run concurrently. The trial court sentenced Morales to nine years in

prison for each of the aggravated robberies and three years for each of the associated firearm specifications. The court further ordered that this time be served consecutively for a total of twenty-four years. The court ordered the sentences for the remaining counts be served concurrently.

*Id*. at ¶ 2-3. Morales did not file a direct appeal.

{¶3} On January 3, 2011, Morales filed a motion for a new sentencing hearing on the basis that the trial court failed to properly impose post-release control in its sentencing entry. The trial court subsequently resentenced Morales to the same term of imprisonment as contained in its previous sentencing entry, but added a mandatory five-year period of post-release control. The trial court's sentence was journalized via entry on February 22, 2011.

{¶4} On January 9, 2013, Morales filed a notice of appeal from the trial court's February 22, 2011 sentencing entry. This Court subsequently dismissed Morales' attempted appeal for lack of jurisdiction. *See State v. Morales*, 9th Dist. Summit No. 26750 (Jan. 30, 2013). Morales thereafter filed a "motion to notice plain error and correct manifest miscarriage of justice" pursuant to Crim.R. 52(B), arguing that the trial court committed plain error by imposing consecutive sentences without making the requisite statutory findings under former R.C. 2929.14(E)(4), which has since been renumbered to R.C. 2929.14(C)(4). The trial court ultimately denied Morales' motion. Morales appealed from the trial court's denial of his "motion to notice plain error" and this Court affirmed the trial court's denial on the basis that the motion was, in fact, an untimely petition for postconviction relief. *See Morales I* ¶ at 8-10.

{¶5} On December 5, 2016, Morales filed a "motion to correct postrelease control," wherein he argued that the trial court did not properly sentence him to post-release control at his resentencing hearing in 2011. The State filed a memorandum in opposition and the trial court summarily denied Morales' motion.

{¶6}  Morales filed this timely appeal and presents two assignments of error for our review.

## II.

### Assignment of Error I

**The trial court erred in denying Appellant's motion to correct post-release control.**

{¶7}  In his first assignment of error, Morales argues that the trial court erred by denying his motion to correct post-release control.  Specifically, Morales contends that the trial court should have granted his motion because he was incorrectly sentenced to a mandatory five-year term of post-release control for his second-degree felonies.  We disagree.

{¶8}  Morales was convicted, among other offenses, of four first-degree felonies, to wit: two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), one count of felonious assault in violation of R.C. 2903.11(A)(2), and one count of kidnapping in violation of R.C. 2905.01(A)(2).  Thus, he was subject to a mandatory five-year term of post-release control.  *See* R.C. 2967.28(B)(1).  A review of the transcripts from the 2011 resentencing hearing reveals that the trial court told Morales the following:

> Well, on the first-degree felonies, it would be a mandatory five years of Post Release Control.
>
> On the felonious assault charges, there's three felonies of the second degree.
>
> Again, it's five-years Post Release Control, with - - if you would fail that, up to 50 percent of your sentence could be reimposed.
>
> The burglary charges, there are three felonies of the second degree.  Again, it would be five years of Post Release Control.
>
> And for each of these, if you failed Post Release Control, they could send you back to prison for up to 50 percent of your sentence.

Thus, contrary to Morales' contention on appeal, the record indicates that the trial court did sentence him to the proper term of post-release control. The trial court also advised him of the potential consequences of violating post-release control. Although the trial court did incorrectly state that the period of post-release control for a felony of the second degree was five years instead of three mandatory years, we determine that this error is harmless. *See State v. Buckner*, 1st Dist. Hamilton No. C-100666, 2011-Ohio-4358, ¶ 18.

> In cases where, as here, an offender is subject to multiple periods of post-release control, "the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." R.C. 2967.28(F)(4)(c). Thus, in multiple-offense cases, the sentencing court need only notify the defendant of the longest applicable period of post-release control.

*State v. Kozic*, 7th Dist. Mahoning No. 15 MA 0215, 2016-Ohio-8556, ¶ 8, citing *State v. Darks*, 10th Dist. Franklin No. 12AP-578, 2013-Ohio-176, ¶ 11. Lastly, a review of the record indicates that the trial court correctly sentenced Morales to a mandatory five-year term of post-release control in its February 22, 2011 sentencing entry. The sentencing entry also addressed the consequences of violating post-release control.

{**¶9**} Accordingly, Morales' first assignment of error is overruled.

### Assignment of Error II

**The consecutive sanctions of the sentences is contrary to law and must be vacated.**

{**¶10**} In his second assignment of error, Morales argues that his sentence must be vacated because the trial court did not comply with the dictates of R.C. 2929.14(C)(4) prior to imposing consecutive sentences. We do not reach the merits of Morales' argument, however, since it is barred by the doctrine of res judicata.

**{¶11}** "The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been previously litigated." (Internal quotations and citation omitted.) *State v. Lowe*, 9th Dist. Summit No. 27199, 2014–Ohio–1817, ¶ 6. Morales could have challenged the trial court's compliance with the consecutive sentencing statute in 2005 in a direct appeal, which he failed to undertake. Therefore, his argument is now barred by res judicata. *See State v. Sanders*, 9th Dist. Summit No. 27189, 2014-Ohio-5115, ¶ 5-6 (concluding that a trial court's imposition of consecutive sentences without complying with R.C. 2929.14(C)(4) does not void the sentence and that res judicata applies if the issue is not addressed on direct appeal); *State v. Hall*, 9th Dist. Summit No. 27942, 2016-Ohio-909, ¶ 7 (stating same).

**{¶12}** Morales' second assignment of error is overruled.

III.

**{¶13}** With both of Morales' assignments of error having been overruled, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

——

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____<br>
JULIE A. SCHAFER<br>
FOR THE COURT

HENSAL, P. J.<br>
TEODOSIO, J.<br>
CONCUR.

APPEARANCES:

MARCEL A. MORALES, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorneyfor Appellee.