[Cite as *State v. Fikes*, 2019-Ohio-3010.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180079 |
| | | TRIAL NOS. B-0506290 |
| Plaintiff-Appellee, | : | B-0409872 |
| vs. | : | *O P I N I O N.* |
| JOSHUA FIKES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed in Part and Cause Remanded

Date of Judgment Entry on Appeal:  July 26, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Joshua Fikes*, pro se.

Per Curiam.

{¶1} Defendant-appellant Joshua Fikes appeals the Hamilton County Common Pleas Court's judgments overruling his "Motion for Appointment of Counsel and Status Conference on Motion to Modify the Verdict" and "Motion[s] to Vacate Unlawfully Imposed Term of Postrelease Control." We lack jurisdiction to review the judgment overruling his "Motion for Appointment of Counsel and Status Conference on Motion to Modify the Verdict." We affirm in part the court's judgments overruling his "Motion[s] to Vacate Unlawfully Imposed Term of Postrelease Control," but remand for correction of postrelease control.

{¶2} In 2006, Fikes was convicted in the case numbered B-0506290 upon jury verdicts finding him guilty of murder and having weapons under a disability and in the case numbered B-0409872 upon his no-contest plea to violating the community-control sanction imposed for his 2005 conviction for drug possession. Following a sentencing hearing on all three offenses, the trial court imposed consecutive prison terms of 18 months for the community-control violation, 18 years to life for murder and the accompanying firearm specification, and four years for the weapons charge. Fikes unsuccessfully challenged his convictions on direct appeal and in postconviction motions filed in 2009, 2012, 2015, and 2016. *See State v. Fikes*, 1st Dist. Hamilton No. C-160557 (Apr. 26, 2017); *State v. Fikes*, 1st Dist. Hamilton No. C-150538 (Mar. 24, 2017); *State v. Fikes*, 1st Dist. Hamilton No. C-090637 (June 23, 2010); *State v. Fikes*, 1st Dist. Hamilton No. C-060581, 2007-Ohio-5870.

{¶3} In 2017, in the case numbered B-0506290 and in the case numbered B-0409872, Fikes filed with the common pleas court a "Motion to Vacate Unlawfully Imposed Term of Postrelease Control." And in the case numbered B-0506290, he

filed a "Motion for Appointment of Counsel and Status Conference on Motion to Modify the Verdict." In this appeal from the overruling of those motions, Fikes presents four assignments of error.

### *Motion for Appointment of Counsel and Status Conference on Motion to Modify the Verdict*

{¶4} We address first Fikes's fourth assignment of error, challenging the overruling of his "Motion for Appointment of Counsel and Status Conference on Motion to Modify the Verdict." We do not reach the merits of this assignment of error, because we have no jurisdiction to review the judgment overruling the motion.

{¶5} Article IV, Section 3(B)(2) of the Ohio Constitution confers upon an intermediate appellate court only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." In 2015, in the case numbered B-0506290, Fikes filed a motion under the new-trial statute, R.C. 2945.79, seeking modification of his murder verdict to voluntary manslaughter. In his 2017 "Motion for Appointment of Counsel and Status Conference on Motion to Modify the Verdict," he sought an order from the common pleas court appointing counsel and setting a status conference for his 2015 motion. In this appeal, Fikes asks this court to reverse the common pleas court's entry overruling his 2017 motion. But no law confers upon us the jurisdiction to do so.

{¶6} *No jurisdiction under R.C. 2953.02 or 2953.08—not a judgment of conviction.* The entry overruling Fikes's 2017 motion denies the relief sought in that motion: appointed counsel and a status hearing for his pending postconviction motion to modify his murder verdict. Thus, the entry is plainly not

reviewable under our jurisdiction under R.C. 2953.02 or 2953.08 to review on direct appeal a judgment of conviction entered in a criminal case.

{¶7} *No jurisdiction under R.C. 2953.23(B)—not a judgment denying postconviction relief.* Nor is the entry reviewable under the jurisdiction conferred by R.C. 2953.23(B) to review an order denying a petition under R.C. 2953.21 et seq. for postconviction relief. A common pleas court may review under the postconviction statutes a postconviction motion seeking relief from a criminal conviction based on a constitutional violation in the proceedings resulting in that conviction. *See State v. Schlee,* 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus. But Fikes's 2017 motion did not seek relief from his convictions based on an alleged a constitutional violation in the proceedings resulting in those convictions. Therefore, that motion was not reviewable by the common pleas court under the postconviction statutes. In turn, the entry overruling the motion is not reviewable under our jurisdiction to review the denial of postconviction relief.

{¶8} *No jurisdiction under R.C. 2505.03(A)—not an R.C. 2505.02 "final order."* Finally, an appeals court has jurisdiction under R.C. 2505.03(A) to review and affirm, modify, or reverse a "final order, judgment or decree" as defined by R.C. 2505.02. But the common pleas court's entry overruling Fikes's 2017 motion for appointed counsel and a status hearing on his 2015 motion did not, for purposes of the grant of jurisdiction under R.C. 2505.03(A), constitute a "final order."

{¶9} R.C. 2505.02 defines a "final order" to include an order that "affects a substantial right" in "an action," when that order either "in effect determines the action and prevents a judgment" or is "made in a special proceeding." R.C.

2505.02(B)(1) and (B)(2). A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). We conclude that the common pleas court's entry overruling Fikes's 2017 motion did not "affect[] a substantial right."

{¶10} No law or procedural rule confers a right to a "status hearing" on a pending new-trial motion. And we have held that the Ohio and United States Constitutions do not afford the right to counsel for a postconviction motion for a new trial. *State v. Chamblin*, 1st Dist. Hamilton No. C-130828, 2014-Ohio-3895, ¶ 4.

{¶11} Fikes invoked R.C. 120.16(E) in support of his request for appointed counsel for his 2015 new-trial motion. R.C. 120.16 enumerates the "Powers of representation by county public defenders." The statute provides in relevant part,

> (A)(1) The county public defender shall provide legal representation to indigent adults * * * in postconviction proceedings as defined in this section.
>
> * * *
>
> (D) The county public defender shall not be required to prosecute any * * * postconviction remedy, * * * unless the county public defender is first satisfied there is arguable merit to the proceeding.
>
> (E) Nothing in this section shall prevent a court from appointing counsel other than the county public defender or from allowing an indigent person to select the indigent person's own personal counsel to represent the indigent person. A court may also appoint counsel or allow an indigent person to select the indigent person's own personal

counsel to assist the county public defender as co-counsel when the interests of justice so require.

{¶12} The Ohio Supreme Court, in *State v. Crowder*, 60 Ohio St.3d 151, 573 N.E.2d 652 (1991), reaffirmed that an indigent postconviction petitioner has no constitutional right to counsel for a postconviction proceeding. *Crowder* at 152, citing *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). But the court read R.C. 120.16(A)(1) and (D) to create both a right to appointed counsel for the petition if the public defender finds that the issues raised by the petition have arguable merit and a right to notice by the common pleas court to the public defender if an evidentiary hearing is ordered on the petition. *Crowder* at paragraphs one and two of the syllabus.

{¶13} On the record before us, Fikes fails to demonstrate that the public defender has determined that there is arguable merit to the proceeding consistent with R.C. 120.16(D). As a result, Fikes seeks relief based on rights that neither the state or federal constitution, nor a statute, the common law, or a procedural rule entitles him to enforce or protect. Therefore, the entry overruling that motion to appoint counsel cannot be said to affect a "substantial right" as defined by R.C. 2505.02(A)(1). Because the entry does not affect a substantial right, it does not constitute a "final order" as defined by R.C. 2505.02(B)(1) and (B)(2).

{¶14} For purposes of the grant of jurisdiction under R.C. 2505.03(A), a "final order" also includes an order that "grants or denies a provisional remedy." R.C. 2505.02(B)(4). The statute defines "a provisional remedy" as a remedy sought in "a proceeding ancillary to an action" and provides a nonexhaustive list of "ancillary" proceedings. R.C. 2505.02(A)(3). The Ohio Supreme Court defines "a proceeding ancillary to an action" as a proceeding that is "attendant upon or aids"

the action. *State v. Muncie,* 91 Ohio St.3d 440, 449, 746 N.E.2d 1092 (2001). And the court has laid out a three-step analysis for determining whether an order constitutes a "final order" under R.C. 2505.02(B)(4):

> (1) the order must either grant or deny relief sought in a certain type of proceeding—a proceeding that the General Assembly calls a "provisional remedy," (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

*Muncie* at 446.

{¶15} The entry overruling Fikes's 2017 motion for appointed counsel and a status hearing on his 2015 new-trial motion may fairly be said to have denied "a provisional remedy," because the proceedings on the 2017 motion were "ancillary" to, that is, in aid of, the proceedings on his pending 2015 motion for a new trial. With that entry, the court decided the 2017 motion with respect to the remedies sought in that motion. But the entry does not preclude the common pleas court from subsequently conducting a status conference on the 2015 motion. It does not prevent the court from affording Fikes his R.C. 120.16 right to appointed counsel for his 2015 motion, upon a showing of an arguable-merit finding by the public defender. And it does not prevent the court from affording him his court-created right to public-defender notification, if the court grants an evidentiary hearing on his 2015 motion. Because the entry does not prevent a judgment in Fikes's favor with

respect to the remedies sought in his 2017 motion, *see* R.C. 2505.02(B)(4)(a), it does not constitute a final order under R.C. 2505.02(B)(4).

{¶16} Thus, the common pleas court's entry overruling Fikes's 2017 motion for appointed counsel and a status hearing on his 2015 new-trial motion is not reviewable under the jurisdiction conferred upon this court by R.C. 2505.03(A), because it does not constitute a "final order" as defined by R.C. 2505.02(B)(1), (B)(2), or (B)(4). Nor is the entry reviewable under the jurisdiction conferred by R.C. 2953.02 or 2953.08 to review a judgment of conviction or by R.C. 2953.23(B) to review an order denying a postconviction petition. Accordingly, we do not address on the merits his fourth assignment of error.

### *Jurisdiction to Correct Postrelease Control*

{¶17} Fikes's remaining assignments of error essentially restate claims presented in his "Motion[s] to Vacate Unlawfully Imposed Term of Postrelease Control." In his first and third assignments of error, he challenges the postrelease-control notification provided for having weapons under a disability and his community-control violation, respectively. In his second assignment of error, he challenges the five-year term of postrelease control included in the judgment of conviction. The first and second assignments of error are well taken.

{¶18} Fikes did not specify in his motions a statute or rule under which the relief sought might have been afforded, leaving the common pleas court to "recast" the motions "into whatever category necessary to identify and establish the criteria by which the motion[s] should be judged." *Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, at ¶ 12 and syllabus. The postrelease-control challenges advanced in his postconviction motions were not reviewable under the standards provided by R.C. 2953.21 et seq., governing the proceedings on a petition for

postconviction relief, because the claim sought relief based on an alleged statutory violation, rather than a constitutional violation. *See* R.C. 2953.21(A)(1). Nor could relief upon those claims have been afforded under any other postconviction procedure provided by statute or the criminal rules. *See State v. Dardinger*, 1st Dist. Hamilton No. C-160467, 2017-Ohio-1525, ¶ 8-9.

{¶19} But a court always has jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. And the postrelease-control portion of Fikes's sentence for having weapons under a disability was void.

{¶20} The postrelease-control statutes in effect in 2006, when Fikes was sentenced, provided that a prison sentence imposed for a felony that is classified by degrees must "include a requirement that the offender be subject to a period of post-release control." And the statutes required that the offender be notified, both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation. *See* former R.C. 2929.14(F), 2929.19(B)(3)(c) through (e), and 2967.28(B) and (C) (superseded in 2011 by R.C. 2929.14(D), 2929.19(B)(2)(c) through (e), and 2967.28(B) and (C)).

{¶21} The postrelease-control statutes did not then (as they do not now) authorize postrelease control for the unclassified felony of murder. *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36. But Fikes was subject to a mandatory three-year term of postrelease control for the third-degree-felony of having weapons under a disability. *See* R.C. 2967.28(B)(3). And he was

subject to a discretionary three-year term of postrelease control for his fourth-degree-felony community-control violation. *See* R.C. 2967.28(C).

{¶22} At Fikes's 2006 sentencing hearing, the trial court, concerning postrelease control, said, "They could place you upon maybe three years," thus effectively advising Fikes for all three offenses that upon his release from prison, he was subject to a discretionary three-year term of postrelease control. In the judgment of conviction in the case numbered B-0409872, the court stated that Fikes "may be [subject to] post-release control for up to three (3) years," thus imposing for his community-control violation a discretionary three-year term of postrelease control. In the judgment of conviction in the case numbered B-0506290, the court stated that Fikes "shall be [subject to] post-release control for five (5) years," thus imposing a mandatory five-year term for both his unclassified murder offense and his third-degree-felony weapons offense.

{¶23} R.C. 2967.28(F)(4)(c) required that those multiple postrelease-control terms be served concurrently. Therefore, any error in imposing the lesser, discretionary three-year term for his community-control violation was harmless. *See State v. Buckner*, 1st Dist. Hamilton No. C-100666, 2011-Ohio-4358, ¶ 16-18.

{¶24} But the errors in imposing postrelease control for Fikes's weapons offense were not harmless. The postrelease-control statutes required the trial court to notify him, both at his sentencing hearing and in the judgment of conviction, that he would be subject to a mandatory three-year term. The court instead notified him at sentencing of a discretionary three-year term, then included in his judgment of conviction a mandatory five-year term. Because that part of his sentence was not imposed in conformity with the statutory mandates concerning postrelease control, it is void, and the common pleas court had jurisdiction to correct it. *See State v.*

*Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 26-27.

*Affirmed in Part and Cause Remanded*

{¶25} We do not reach the merits of Fikes's fourth assignment of error, because we have no jurisdiction to review the common pleas court's judgment overruling Fikes's "Motion for Appointment of Counsel and Status Conference on Motion to Modify the Verdict."

{¶26} We overrule the third assignment of error, because the challenge to postrelease-control notification for his community-control violation presented in his "Motion[s] to Vacate Unlawfully Imposed Term of Postrelease Control" was subject to dismissal for lack of jurisdiction. But the postrelease-control portion of Fikes's sentence for having weapons under a disability is void. We, therefore, sustain assignments of error one and two and remand this case for correction of the offending portions of that sentence, in accordance with the law and this opinion.

Judgment accordingly.

**MOCK, P.J., BERGERON** and **WINKLER, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.