[Cite as *State v. Copeland*, 2011-Ohio-6034.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110120 |
| | | TRIAL NO. B-0304897 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DEMETRIUS COPELAND, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Cause Remanded

Date of Judgment Entry on Appeal:  November 23, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Demetrius Copeland*, pro se.

Please note:  We have removed this case from the accelerated calendar.

Per Curiam.

{¶1}   Defendant-appellant Demetrius Copeland appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion to Vacate a Void Sentence." We remand this case for the proper imposition of postrelease control.

{¶2}   In 2003, Copeland was convicted of carrying concealed weapons, having weapons under a disability, and six counts of aggravated robbery. He unsuccessfully challenged his convictions in appeals to this court and to the Ohio Supreme Court. See *State v. Copeland* (Oct. 27, 2004), 1st Dist. No. C-030907, appeals not accepted for review, 105 Ohio St.3d 1463, 2005-Ohio-1024, 824 N.E.2d 91; 106 Ohio St.3d 1487, 2005-Ohio-3978, 832 N.E.2d 739.

{¶3}   In February 2010, he filed with the common pleas court a motion seeking a new sentencing hearing on the ground that his sentence was void because the trial court had failed to adequately notify him concerning postrelease control. On appeal, Copeland presents a single assignment of error challenging the overruling of this motion. The challenge is well taken.

{¶4}   In *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, the Ohio Supreme Court declared that "the most basic requirement" of the postrelease-control statutes and the court's postrelease-control decisions is that a sentencing court must "notify the offender of the mandatory nature of the term of postrelease control and the length of that mandatory term and incorporate that notification in its entry." Id. at ¶69. Thus, in sentencing Copeland for the aggravated robberies, all first-degree felonies, the trial court was required to notify Copeland, both at sentencing and in his judgment of conviction, that upon his release from prison, he would be subject to a mandatory five-year period of postrelease-control

supervision. See R.C. 2929.19(B)(3)(c); R.C. 2967.28(B)(1); *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. And in sentencing him for the fourth-degree felony of carrying concealed weapons and for the fifth-degree felony of having weapons under a disability, the court was required to notify Copeland, both at sentencing and in his judgment of conviction, that upon his release from prison, he could be subject to up to three years of postrelease-control supervision. See R.C. 2929.19(B)(3)(d); R.C. 2967.28(C); *Jordan*, 104 Ohio St.3d 21, paragraph one of the syllabus.

{¶5} At Copeland's sentencing hearing and in his judgment of conviction, the trial court failed to specify the duration of each period of postrelease control imposed and failed to notify Copeland concerning the mandatory nature of the postrelease-control periods imposed for the aggravated robberies. To the extent that the court did not adequately notify Copeland concerning postrelease control, his sentences are void, and he is "entitled * * * to the proper imposition of postrelease control." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraphs one and two of the syllabus; see, e.g., *State v. Truitt*, 1st Dist. No. C-050188, 2011-Ohio-1885, ¶19; *State v. Thomas*, 1st Dist. Nos. C-100411 and C-100412, 2011-Ohio-1331; *State v. Brown*, 1st Dist. No. C-100050, 2010-Ohio-4599, ¶13.

{¶6} Copeland did not assign this matter as error in his direct appeal from his convictions. He instead presented the challenge in a postconviction motion for resentencing. But when a sentence is void to the extent that it was not imposed in conformity with the statutory mandates concerning postrelease control, and the matter has come to the attention of a court, whether on direct appeal or in a

collateral challenge, the court "cannot ignore" the matter, *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶12; see, also, *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶23, and "the offending portion of the sentence is subject to review and correction." *Fischer*, 128 Ohio St.3d 92, paragraph one of the syllabus and ¶27; accord *Truitt*, supra, at ¶20.

{¶7}    Copeland's sentences are void to the extent that he was not adequately notified concerning postrelease control.  Because his motion for resentencing brought this matter to the attention of the common pleas court, the court erred in overruling the motion.  We, therefore, sustain the assignment of error and remand this case for correction of the offending portions of his sentences in accordance with the law and this opinion.

Cause remanded.

**DINKELACKER, P.J., HILDEBRANDT** and **SUNDERMANN, JJ.**


Please note:

The court has recorded its own entry on the date of the release of this opinion.