[Cite as *State v. Ward*, 2011-Ohio-6382.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110158 |
| | | TRIAL NO. B-0311341 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| LESTER A. WARD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Cause Remanded

Date of Judgment Entry on Appeal:  December 14, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Lester A. Ward*, pro se.

Please note:  We have removed this case from the accelerated calendar.

Per Curiam.

{¶1} Defendant-appellant Lester A. Ward appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion to Correct Void Judgment." We remand this case for the proper imposition of postrelease control.

{¶2} In 2004, Ward was convicted upon no-contest pleas to drug possession and drug trafficking. He unsuccessfully challenged his convictions in appeals to this court and to the Ohio Supreme Court. See *State v. Ward*, 1st Dist. No. C-040379, 2005-Ohio-3036, appeal not accepted for review, 107 Ohio St.3d 1409, 2005-Ohio-5859, 836 N.E.2d 1229.

{¶3} In February 2010, he filed with the common pleas court a motion seeking correction of his judgment of conviction on the ground that his sentences were void because the trial court had failed to adequately notify him concerning postrelease control. On appeal, Ward presents a single assignment of error challenging the common pleas court's refusal to afford him the relief sought in his motion. The challenge is well taken.

{¶4} In *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, the Ohio Supreme Court declared that "the most basic requirement" of the postrelease-control statutes and the court's postrelease-control decisions is that a sentencing court must "notify the offender of the mandatory nature of the term of postrelease control and the length of that mandatory term and incorporate that notification in its entry." Id. at ¶69; accord *State v. Copeland*, 1st Dist. No. C-110120, 2011-Ohio-6034, ¶4; *State v. Williams*, 10th Dist. No. 10AP-922, 2011-Ohio-4923, ¶12; *State v. Perry*, 12th Dist. Nos. CA2011-01-008 and CA2011-02-017, 2011-Ohio-3637, ¶16; *State v. Shepherd*, 11th Dist. No. 2010-A-0052, 2011-Ohio-2451, ¶25;

*State v. Blackshear*, 2nd Dist. No. 24302, 2011-Ohio-2059, ¶11. Thus, for each of the first-degree felonies of drug possession and drug trafficking, the trial court was required to include in Ward's sentence a mandatory five-year period of postrelease-control supervision. See R.C. 2967.28(B)(1); *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. To the extent that the court failed to specify in the judgment of conviction the length and mandatory nature of the periods of postrelease control imposed for Ward's first-degree-felony convictions, his sentences are void, and he is "entitled * * * to the proper imposition of postrelease control." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraphs one and two of the syllabus; accord *Copeland*, supra, at ¶5; *State v. Truitt*, 1st Dist. No. C-050188, 2011-Ohio-1885, ¶19; *State v. Thomas*, 1st Dist. Nos. C-100411 and C-100412, 2011-Ohio-1331, ¶7; *State v. Martin*, 1st Dist. No. C-070017, 2007-Ohio-6662, ¶9.

{¶5} Ward did not assign this matter as error in his direct appeal from his convictions. He instead presented the challenge in a postconviction motion seeking correction of his judgment of conviction. But when a sentence is void to the extent that it was not imposed in conformity with the statutory mandates concerning postrelease control, and the matter has come to the attention of a court, whether on direct appeal or in a collateral challenge, the court "cannot ignore" the matter, *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶12; see, also, *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶23, and "the offending portion of the sentence is subject to review and correction." *Fischer*, 128 Ohio St.3d 92, paragraph one of the syllabus and ¶27.

{¶6}   Ward's sentences are void to the extent that they were not imposed in conformity with the statutory mandates concerning postrelease control.  Because his motion for resentencing brought this matter to the attention of the common pleas court, the court erred in declining to grant him the relief sought.  We, therefore, sustain the assignment of error and remand this case for correction of the offending portions of his sentences in accordance with the law and this opinion.

Cause remanded.

SUNDERMANN, P.J., CUNNINGHAM and FISCHER, JJ.


Please note:

The court has recorded its own entry on the date of the release of this opinion.