THE STATE EX REL. QUILLEN, APPELLANT, *v.* WARDEN,

MARION CORRECTIONAL INSTITUTION, APPELLEE.

**[Cite as *State ex rel. Quillen v. Warden,* 133 Ohio St.3d 161, 2012-Ohio-4299.]**

*Habeas corpus—Mandamus sought to correct claimed sentencing error—Adequate remedy at law available—Court of appeals' denial of writ affirmed.*

(No. 2012-0811—Submitted September 12, 2012—Decided September 25, 2012.)

APPEAL from the Court of Appeals for Marion County, No. 9-12-11.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals denying the writ of habeas corpus requested by appellant, Terrance Quillen. His June 2001 sentencing entry "sufficiently included language that postrelease control was part of his sentence so as to afford him sufficient notice to raise any claimed errors on appeal rather than by extraordinary writ." *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, ¶ 4; *McGee v. Sheldon*, 132 Ohio St.3d 89, 2012-Ohio-2217, 969 N.E.2d 262, ¶ 1. The sentencing entry "constituted a final, appealable order, and he had an adequate remedy by way of appeal to raise his claims." *State ex rel. Castro v. Corrigan*, 129 Ohio St.3d 342, 2011-Ohio-4059, 952 N.E.2d 497, ¶ 3.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Terrance Quillen, pro se.

Michael DeWine, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.

_____