[Cite as *State v. Edwards*, 2012-Ohio-4443.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY**

STATE OF OHIO                                       :
                                                                :       Appellate Case No. 2012-CA-7
              Plaintiff-Appellee                    :
                                                                :       Trial Court Case No.   05-CR-332
v.                                                            :
                                                                :
JOSHUA D. EDWARDS                          :       (Criminal Appeal from
                                                                :        Common Pleas Court)
              Defendant-Appellant                :
                                                                :

· · · · · · · · · · ·

O P I N I O N

Rendered on the 28th day of September, 2012.

· · · · · · · · · · ·

STEPHEN K. HALLER, Atty. Reg. #0009172, by ELIZABETH A. ELLIS, Atty. Reg.
#0074332, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
              Attorney for Plaintiff-Appellee

CHRISTOPHER TILL, Atty. Reg. #0086486, Post Office Box 723, Yellow Springs, Ohio
45387
              Attorney for Defendant-Appellant

· · · · · · · · · · · · ·

FAIN, J.

{¶ 1}    Defendant-appellant Joshua Edwards appeals from his convictions for

Trafficking In Cocaine, Aggravated Possession of Drugs, and Possession of Criminal Tools

and the imposition of a seven-year sentence along with post-release control. Edwards contends that the trial court's use of "which with" in its judgment entry, instead of "with," was a gross clerical error that rendered the entry incoherent with regard to whether the post-release control in Counts II and III was mandatory. Furthermore, since his prison term has been completed, Edwards contends that the trial court cannot correct the judgment entry, and he cannot be subjected to post-release control.

{¶ 2} We conclude that the trial court's judgment entry is clear that the post-release control in Counts II and III is mandatory. Therefore, the sentencing entry does not need to be corrected. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3} On May 12, 2005, a Greene County Grand Jury indicted Joshua Edwards on one count of Trafficking in Cocaine, a felony of the fourth degree in violation of R.C. 2925.03(A)(1), two counts of Trafficking in Cocaine, felonies of the second degree in violation of R.C. 2925.03(A)(1), one count of Aggravated Possession of Drugs, a felony of the fifth degree in violation of R.C. 2925.11(A), and one count of Possession of Criminal Tools, a felony of the fifth degree in violation of R.C. 2923.24(A). Dkt. 1.

{¶ 4} Edwards pled guilty to all counts as charged in the indictment in exchange for an agreement with the State to a seven-year stipulated sentence with all seven years being mandatory time. Dkt. 23. On July 29, 2005, the trial court sentenced Edwards to seven years in prison and:

> * * * further notified the defendant that post release control is

mandatory in this case up to a maximum of 3 years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The Defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control. Dkt. 25.

{¶ 5} On June 27, 2011, the State filed a Motion to Correct Post Release Control. According to the State, pursuant to R.C. 2929.191 and *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958,[1] "since Defendant was sentenced prior to the effective date of that statute, the State requests a de novo sentencing hearing to be held with Defendant present by video conferencing for the purpose of correcting the judgment of conviction specifically as to post release control." The State asked the court to "provide correct notice of the term(s) of post release control to be imposed in this case prior to Defendant's release from the institution on May 1, 2012." Dkt. 42.

{¶ 6} The trial court held a de novo sentencing hearing on December 15, 2011. At this hearing, the trial court advised Edwards, in part: "The Court will also advise you that in regard to Count I and Count IV, post-release control is optional for a period of three years and in Count II and Count III, post-release control is mandatory for a period of three years." Transcript of Sentencing, pp. 7-8.

{¶ 7} In its judgment entry, (Dkt. 45) the trial court stated, in part:

---

[1] "For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio." *Singleton*, at paragraph one of the syllabus.

As part of this sentence, defendant is advised that upon the completion of the prison term, the defendant is subject to supervision under POST RELEASE CONTROL (PRC) as follows:

Count I: a violation of O.R.C. §2925.03(A)(1), Trafficking in Cocaine, a felony of the fourth degree <u>which</u> <u>with</u> **optional** Post Release Control **for up to 3** years;

Count II: a violation of O.R.C. §2925.03(A)(1), Trafficking in Cocaine, a felony of the second degree <u>which with</u> **mandatory** Post Release Control **for 3** years;

Count III: a violation of O.R.C. §2925.03(A)(1), Trafficking in Cocaine, a felony of the second degree <u>which with</u> **mandatory** Post Release Control **for 3** years;

Count IV: a violation of O.R.C. §2925.11(A)(1), Aggravated Possession of Drugs, a felony of the fifth degree <u>with</u> **optional** Post Release

Control **for up to 3** years[.] (Bold emphasis sic, underline emphasis added.)

{¶ 8}    From the trial court's judgment entry, Edwards appeals.

## II. The Judgment Entry Clearly States The Length and

## Mandatory Nature of Post-Release Control

{¶ 9}    Edwards's sole assignment of error states:

THE TRIAL COURT PLAINLY ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT RE-SENTENCED HIM TO POST-RELEASE CONTROL, BUT FAILED TO PROPERLY JOURNALIZE THE POST-RELEASE CONTROL IN ITS JUDGMENT ENTRY.

{¶ 10}    "Post-release control" involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28. R.C. 2967.01(N). "[A]mong the most basic requirements of post-release control notification per R.C. 2967.28 and the Ohio Supreme Court's existing precedent is that the court must both notify the offender of the length of the term of post-release control that applies to his conviction(s) and incorporate that notification into its journalized judgment of conviction pursuant to Crim.R. 32(C)." *State v. Terry*, 2d Dist. Darke No. 2009CA05, 2010-Ohio-5391, ¶ 15, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69. Post-release control is "mandatory for some offenders and is imposed at the discretion of the Parole Board for others." R.C. 2967.28(B); *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 11.

{¶ 11}    When a trial court does not impose post-release control in accordance with

statutorily mandated terms, that portion of the sentence is void. *State v. Renner*, 2d Dist. Montgomery No. 24019, 2011-Ohio-502, ¶ 17, citing *Bloomer* at ¶ 69, 71, and *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 30. Language that "appears to allow the parole board discretion to impose less than [the mandatory term] of post-release control" does not conform to the statutory mandates, rendering that portion of the sentence void. *State v. Gonzalez*, 9th Dist. Lorain No. 09CA9528, 2009-Ohio-5759, ¶ 8-9 (wherein the trial court imposed post-release control for "up to a maximum of five years" when five years was mandatory). *See also*, *Renner* at ¶ 3 and *State v. Pointer*, 193 Ohio App.3d 674, 2011-Ohio-1419, 953 N.E.2d 853, ¶ 3 (2d Dist.) (wherein the trial court stated that the defendant "will/may serve a period of postrelease control under the supervision of the parole board," when the term was mandatory).

{¶ 12} Edwards contends that the trial court's use of "which with" in its sentencing entry rendered the sentencing entry "incoherent" with regard to whether the terms of post-release control in Counts II and III were mandatory. According to Edwards, the incoherency resulting from the use of "which with" required the trial court to correct its judgment entry through a *nunc pro tunc* entry. Furthermore, Edwards contends that the trial court's failure to issue such an entry before his release from prison bars the imposition of any post-release control. We do not agree.

{¶ 13} It is undisputed that the trial court notified Edwards at the *de novo* sentencing hearing of the proper terms of post-release control. The trial court explained to Edwards that he is subject to an optional term of up to three years of post-release control with respect to each of Counts I and IV and to a mandatory term of three years of

post-release control with respect to each of Counts II and III.

{¶ 14}    As we noted, *supra*, the trial court provided for the following post-release control in its judgment entry:

> Count I:   a violation of O.R.C. §2925.03(A)(1), Trafficking in Cocaine, a felony of the fourth degree <u>which with</u> **optional** Post Release Control **for up to 3** years;

> Count II: a violation of O.R.C. §2925.03(A)(1), Trafficking in Cocaine, a felony of the second degree <u>which with</u> **mandatory** Post Release Control **for 3** years;

> Count III:   a violation of O.R.C. §2925.03(A)(1), Trafficking in Cocaine, a felony of the second degree <u>which with</u> **mandatory** Post Release Control **for 3** years;

> Count IV: a violation of O.R.C. §2925.11(A)(1), Aggravated Possession of Drugs, a felony of the fifth degree <u>with</u> **optional** Post Release Control **for up to 3** years[.] (Bold emphasis sic, underline emphasis added.)

{¶ 15}   In this judgment entry, the trial court made it clear that the post-release control for Counts II and III was three years and that it was mandatory.  We agree that it would have been preferable to not include the word "which" immediately before the phrase "with mandatory Post Release Control for 3 years."  The word "which" appears to have been copied and pasted from earlier in the judgment entry where the trial court stated the terms of imprisonment.  Regardless of how "which" ended up in the post-release control portion of the judgment entry, the inclusion of "which" did not fundamentally alter the post-release control provisions in the judgment entry.  Rather, the use of "mandatory" when referring to Counts II and III made it clear that the three years of post-release control were mandatory with respect to Counts II and III.  In contrast, the use of "optional" and "up to 3 years" in Counts I and IV made it clear that the post-release control in Counts I and IV was not mandatory and could be for less than three years.  In short, the post-release control provisions in the judgment entry are legally correct and are consistent with the explanation given by the trial court at the December 15, 2011 de novo sentencing hearing.

{¶ 16}   The cases cited by Edwards in his appellate brief involve situations where the trial court either failed to explain the terms of the post-release control to defendant at the sentencing hearing or incorrectly stated the terms of post-release control in the judgment entry.  Neither occurred in this case.  Rather, the judgment entry in the present case correctly states that Edwards was subject to a mandatory term of three years of post-release control on Counts II and III.  Therefore, the judgment entry does not need to be corrected, and Edwards continues to be subject to post-release control following the completion of his prison sentence.  Edwards's sole assignment of error is overruled.

## III. Conclusion

{¶ 17}  Edwards's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.


Copies mailed to:

Stephen K. Haller
Elizabeth A. Ellis
Christopher Till
Hon. Stephen Wolaver