[Cite as *State v. Smith*, 2012-Ohio-5965.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120163 |
| | | TRIAL NO. B-0402830 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ROBERT SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed as Modified and Cause Remanded

Date of Judgment Entry on Appeal: December 19, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Robert Smith*, pro se.

Please note: we have removed this case from the accelerated calendar.

Per Curiam.

{¶1} Defendant-appellant Robert Smith appeals from the Hamilton County Common Pleas Court's judgment overruling an array of postconviction motions. We affirm the court's judgment overruling the motions, but we remand this case for the proper imposition of postrelease control.

{¶2} In 2004, Smith was convicted upon a guilty plea to drug possession and upon jury verdicts finding him guilty of aggravated robbery and felonious assault. His convictions were affirmed in his direct appeals to this court and to the Ohio Supreme Court. *State v. Smith,* 1st Dist. Nos. C-040512 and C-040524 (May 31, 2004), *appeals not accepted*, 109 Ohio St.3d 1459, 2006-Ohio-2226, 847 N.E.2d 7, and 108 Ohio St.3d 1437, 2006-Ohio-421, 842 N.E.2d 63.

{¶3} Smith also unsuccessfully challenged his convictions collaterally in a series of postconviction motions. *See State v. Smith,* 1st Dist. No. C-070288 (Mar. 12, 2008) (affirming the denial of Smith's 2005 and 2007 postconviction petitions). He here appeals from the common pleas court's judgment overruling his September 2010 "Motion to Vacate Sentence," October 2010 "Motion to Vacate Defendant's Conviction and Sentence Due to Court's Lack of Subject Matter Jurisdiction," December 2010 "Motion to Vacate Sentence * * * Pursuant to *State v. Foster*," and February 2012 "Motion to Vacate Payment of Fines and/or Court Cost."

{¶4} On appeal, Smith presents two assignments of error. His first assignment of error challenges the overruling of his September 2010 "Motion to Vacate Sentence." His second assignment of error essentially restates the claim advanced in his December 2010 "Motion to Vacate Sentence * * * Pursuant to *State*

2

*v. Foster*" and may thus fairly be read to challenge the overruling of that motion. We address together, and overrule, the assignments of error.

{¶5} ***Claims were reviewable under R.C. 2953.21 et seq.*** In his September and December 2010 motions, Smith sought to be resentenced. In his September 2010 motion, he argued that his sentences were void to the extent that the trial court had failed to adequately notify him concerning postrelease control. In his December 2010 motion, Smith cited the United States Supreme Court's decisions in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), as well as the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, in arguing that the trial court, by sentencing him to maximum consecutive prison terms, had denied him the right to a jury trial guaranteed under the Sixth Amendment to the United States Constitution.

{¶6} Smith did not specify in his motions the statute or rule under which he sought relief. R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, permit a collateral attack upon a judgment of conviction by one "who claims that there was such a denial or infringement of his rights [in the proceedings resulting in his conviction] as to render [his conviction] void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a). The postconviction statutes provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, the common pleas court should have recast Smith's motions as postconviction petitions and reviewed them under the standards

provided by R.C. 2953.21 et seq. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶7} *Postconviction statutes conferred no jurisdiction to entertain Smith's claims.* A postconviction petition must be filed with the common pleas court within 180 days after the transcript of the proceedings is filed in the direct appeal. R.C. 2953.21(A)(2). R.C. 2953.23 closely circumscribes the court's jurisdiction to entertain a late postconviction petition. The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his postconviction claim depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2). R.C. 2953.23(A)(1)(a). And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b).

{¶8} Smith's motions were filed well after the expiration of the time prescribed by R.C. 2953.21(A)(2). And the record does not demonstrate either that Smith was unavoidably prevented from discovering the facts underlying his claims, or that his claims were predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the time for filing a postconviction petition had expired. Because Smith satisfied neither the time strictures of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23(A), the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Smith's postconviction claims on their merits.

4

{¶9} ***Court had jurisdiction to correct sentences to the extent postrelease-control notification was inadequate.*** A trial court retains jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. The common pleas court had no jurisdiction to grant Smith the relief sought in his December 2010 motion, because a sentence imposed under a statute declared unconstitutional in *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, is not void. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27-29. But the court had jurisdiction to grant Smith the relief sought in his September 2010 motion, because his sentences were void to the extent that he had not been adequately or accurately notified concerning postrelease control.

{¶10} A felony prison sentence must include a term of postrelease control. R.C. 2967.28 and 2929.14(F). And the sentencing court must notify the offender at the sentencing hearing concerning postrelease control and must incorporate postrelease-control notification in the judgment of conviction. R.C. 2929.19(B)(3)(c) and (d); *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus; *see also Woods v. Telb*, 89 Ohio St.3d 504, 513, 733 N.E.2d 1103 (2000) (holding that incorporation of postrelease-control notification in the judgment of conviction empowers the Adult Parole Authority to exercise its discretion to impose postrelease control).

{¶11} In sentencing Smith for the first-degree felony of aggravated robbery, the trial court was required to notify Smith that upon his release from prison, he would be subject to a mandatory five-year period of postrelease-control supervision. *See* R.C. 2929.19(B)(3)(c) and 2967.28(B)(1). In sentencing him for the second-

degree felony of felonious assault, the court was required to notify Smith that upon his release from prison, he would be subject to a mandatory three-year period of postrelease-control supervision. *See* R.C. 2929.19(B)(3)(c) and 2967.28(B)(2). In sentencing him for the fourth-degree felony of drug possession, the court was required to notify Smith that upon his release from prison, he could be subject to up to three years of postrelease-control supervision. *See* R.C. 2929.19(B)(3)(d) and 2967.28(C). And the court was required to notify Smith, with respect to each offense, of the consequences of violating postrelease control and of the length of confinement that could be imposed for a postrelease-control violation. *See* R.C. 2929.19(B)(3)(e); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79.

{¶12} At Smith's sentencing hearing, the trial court advised him as follows:

I will note that * * * since this is a felony of the first degree, you will be supervised under Section 2967.28 of the Ohio Revised Code, * * * after you leave prison, for postrelease control. I further notify you, sir, that * * * if, in fact, you are placed on postrelease control, which I believe the law calls for, if you do violate any of the conditions of the postrelease control, you could be returned to the institution for a term of up to one half of the original sentence. I will further indicate to you that if, in fact, you're placed on postrelease control, which I believe the law indicates you must be, and if, while on postrelease control, you commit a new felony, you can receive a prison term for the violation of the postrelease control as well as a prison term for * * * the new felony

for a total of up to the period of postrelease control or one year, whichever is greater.

Thus, the postrelease-control notification provided at sentencing concerned only the first-degree felony of aggravated robbery, and with respect to that offense, did not specify the duration of his postrelease-control supervision, was less than clear about the mandatory nature of the supervision, and did not specify the length of confinement that could be imposed for a postrelease-control violation.

{¶13} The notification incorporated in the judgment of conviction was also inadequate, stating simply that "[a]s part of the sentence in this case, the defendant is subject to the post release [sic] control supervision of R.C. 2967.28." The judgment of conviction did not specify, with respect to each offense, the duration or the mandatory or discretionary nature of the postrelease-control supervision, the consequences of violating postrelease control, or the length of confinement that could be imposed for a postrelease-control violation.

{¶14} The state nevertheless insists that the postrelease-control notification provided to Smith at sentencing and in the judgment of conviction complied with the statutory requirements, and that Smith "waived" any challenge to the notification when he failed to raise it in his direct appeal. This argument is feckless.

{¶15} In support of its position, the state cites the Ohio Supreme Court's decision in *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722. In *Pruitt*, the court denied a petition for a writ of mandamus to compel the common pleas court to enter a revised judgment of conviction. The court held that Pruitt was not entitled to an extraordinary writ because the judgment of conviction, which fully complied with

7

Crim.R. 32(C), constituted a final appealable order. *Id.* at ¶ 3. The court then added, but without specifying the postrelease-control notification provided, that the judgment of conviction "sufficiently included language that postrelease control was part of [Pruitt's] sentence so as to afford him sufficient notice to raise any claimed errors on appeal rather than by extraordinary writ." *Id.* at ¶ 4. *Accord State ex rel. Quillen v. Warden, Marion Corr. Inst.*, 133 Ohio St.3d 161, 2012-Ohio-4299, 976 N.E.2d 898.

{¶16} The supreme court's statement in *Pruitt* concerning the "sufficien[cy]" of the judgment of conviction's postrelease-control language was based on its 2006 decision in *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78. In *Watkins*, inmates incarcerated for postrelease-control violations had petitioned for writs of habeas corpus because their judgments of conviction had contained the suggestion that postrelease control was discretionary when it was mandatory. The supreme court denied the writs on the ground that the petitioners had an adequate remedy at law. *Watkins* at ¶ 53. The court stated that "[a]ny challenge to the propriety of the sentencing court's imposition of postrelease control in the entries could have been raised on appeal," because the "erroneous" postrelease-control notifications provided in the sentencing entries at issue in *Watkins*, unlike the inadequate notifications that had led to the inmate's release in successful habeas cases, had been "sufficient to afford notice to a reasonable person that the courts were authorizing postrelease control as part of each petitioner's sentence" and "that postrelease control could be imposed following the expiration of the person's sentence." *Id.* at ¶ 51. *Accord State ex rel. Peterson v. Durkin*, 129 Ohio St.3d 213, 2011-Ohio-2639, 951 N.E.2d 381.

8

{¶17} The state's reliance on *Watkins* and *Pruitt* is misplaced. *Watkins* and its progeny were writ cases that were decided on the ground that the petitioners had an adequate remedy at law. In that context, the court's statements concerning the "sufficien[cy]" of the postrelease-control notifications contained in the judgments of conviction may be read to state not a rule of law concerning satisfaction of the statutory mandates concerning postrelease-control notification, but a circumstance under which an offender may fairly be deemed to have been on notice of an error in his postrelease-control notification for which he had an adequate remedy at law.

{¶18} The supreme court said as much in its 2010 decision in *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9. Ketterer stood convicted of both capital and noncapital offenses. In his appeal from his resentencing on the noncapital offenses, the supreme court again remanded the case for the proper imposition of postrelease control, upon its determination that the postrelease-control notifications provided at sentencing and in the judgment of conviction had been inadequate and inaccurate. Justice Lundberg Stratton alone dissented, citing *Watkins* in support of a rule of substantial compliance. *Id.* at ¶ 83-84 (Lundberg Stratton, J., dissenting). But the majority, noting the "considerabl[e]" difference between the standard of review in a habeas case and the standard of review in a direct appeal, found the dissent's reliance on *Watkins* to be "misplaced" and thus "rejected" the state's invitation to "overlook[]" the postrelease-control-notification "errors" on the authority of *Watkins*. *Id.* at ¶ 72-73 and 78; *see also State v. Burns*, 4th Dist. No. 11CA19, 2012-Ohio-1626, fn. 3 (distinguishing *Pruitt* because it was a mandamus action).

{¶19} Moreover, the state's reading of *Watkins*—that the case establishes both a rule of substantial compliance when some reference to postrelease control is made at sentencing and in the judgment of conviction and a rule of "waiver" when postrelease-control notification is not challenged on direct appeal—cannot be reconciled with the supreme court's subsequent non-writ decisions. In its 2009 decision in *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, the supreme court declared that "the most basic requirement" of the postrelease-control statutes and the court's postrelease-control decisions is that a sentencing court must "notify the offender of the mandatory nature of the term of postrelease control and the length of that mandatory term and incorporate that notification in its entry." *Id.* at ¶ 69. *Accord State v. Edwards*, 2d Dist. No. 2012-CA-7, 2012-Ohio-4443, ¶ 10; *State v. Clarke*, 8th Dist. No. 97017, 2012-Ohio-924, ¶ 6-9; *State v. Ward*, 1st Dist. No. C-110158, 2011-Ohio-6382, ¶ 4; *State v. Williams*, 10th Dist. No. 10AP-922, 2011-Ohio-4923, ¶ 12; *State v. Perry*, 12th Dist. Nos. CA2011-01-008 and CA2011-02-017, 2011-Ohio-3637, ¶ 16; *State v. Shepherd*, 11th Dist. No. 2010-A-0052, 2011-Ohio-2451, ¶ 25. In its 2010 decision in *Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, the court held that a sentencing court must also notify the offender, with respect to each offense, of the consequences of violating postrelease control and of the length of confinement that could be imposed for a postrelease-control violation. *Id.* at ¶ 77-79. *Accord State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 307-309; *State v. Harris*, 4th Dist. No. 11CA15, 2012-Ohio-2185, ¶ 8; *State v. Harris*, 8th Dist. No. 95097, 2011-Ohio-1072, ¶ 9. And in 2010, in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the court reaffirmed its 2007 decision in *State v. Bezak*, 114

Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, to the extent of *Bezak*'s holding that "[a] sentence that does not include the statutorily mandated term of postrelease control is void." *Fischer* at paragraph one of the syllabus and ¶ 27. And the court held that "the offending portion of the sentence is subject to review and correction" "at any time, on direct appeal or by collateral attack." *Id.* Accord *State v. Tensley*, 1st Dist. Nos. C-110452 and C-110453, 2012-Ohio-4265, ¶ 11-12; *State v. Ward*, 1st Dist. No. C-110158, 2011-Ohio-6382, ¶ 4-6; *State v. Copeland*, 1st Dist. No. C-110120, 2011-Ohio-6034, ¶ 4-6; *State v. Truitt*, 1st Dist. No. C-050188, 2011-Ohio-1885, ¶ 19-20; *State v. Thomas*, 1st Dist. Nos. C-100411 and C-100412, 2011-Ohio-1331, ¶ 7-9.

{¶20} Finally, in November 2012, the supreme court in *State v. Billiter*, ____ Ohio St.3d ____, 2012-Ohio-5144, ____ N.E.2d ____, put to rest any question concerning the applicability of *Watkins* and its progeny to non-writ cases. In *Billiter*, the court addressed a certified conflict between the Fifth and Second Appellate Districts concerning "whether res judicata bars a criminal defendant from arguing that his plea is void due to an earlier postrelease-control sentencing error when the defendant has entered a plea of guilty to escape." *Id.* at ¶ 1. Billiter's 1998 judgment of conviction had imposed for aggravated burglary a mandatory term of postrelease control of up to three years, when a five-year term was mandated. In 2008, after he had been placed on postrelease control and then convicted upon his guilty plea to escape for violating the terms of that postrelease control, Billiter collaterally challenged his 2008 escape conviction on the ground that postrelease control had not, in 1998, been properly imposed. The Fifth Appellate District held, based on *Watkins*, that res judicata barred Billiter from collaterally challenging the imposition

11

of postrelease control, because "the trial court's incorrect sentence had nevertheless given Billiter proper notice that he was subject to postrelease control, and so the sentence was not void." *Id.* at ¶ 5 (citing *State v. Billiter*, 5th Dist. No. 2008 CA 00198, 2009-Ohio-2709, ¶ 13 and 21). The supreme court, citing its post-*Watkins* decisions in *Fischer*, *Bloomer*, and *Bezak*, reversed, holding that Billiter's aggravated-burglary sentence was "void" to the extent that the trial court had "failed to sentence [him] to a correct term of postrelease control," and that, as a consequence, the Adult Parole Authority had no "authority" to impose postrelease control, the trial court "was without jurisdiction to convict him on the escape charge," and res judicata did not bar his collateral challenge. *Id.* at ¶ 12. *Accord State v. Moats*, 6th Dist. No. WM-11-009, 2012-Ohio-5555, ¶ 6 (following *Billiter* to reverse the trial court's holding that any error in the imposition of postrelease control was "de minimis" and "cured" by *Watkins*).

{¶21} We, therefore, hold that to the extent that the trial court did not adequately or accurately notify Smith concerning postrelease control, either at sentencing or in the judgment of conviction, his sentences are void. Smith did not assign this matter as error in his direct appeal from his convictions. He instead presented a collateral challenge in his September 2010 motion. But regardless of a case's procedural posture, when a sentence is void to the extent that it was not imposed in conformity with the statutory mandates concerning postrelease control, and the matter has come to a court's attention, whether on direct appeal or in a collateral challenge, the court "cannot ignore" the matter, *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 12; *see also State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 23, and "the offending portion

of the sentence is subject to review and correction." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 27.

{¶22} *We affirm, but remand for resentencing*. The postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Smith's claims. Therefore, his postconviction motions were subject to dismissal. *See* R.C. 2953.21(C) and 2953.23(A). Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the motions, and we affirm the judgment as modified.

{¶23} But Smith's sentences are void to the extent that he was not adequately notified concerning postrelease control. We, therefore, remand this case for correction of the offending portions of his sentences in accordance with the law and this opinion.

Judgment accordingly.

HENDON, P.J., CUNNINGHAM and FISCHER, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

13