[Cite as *State v. Bevins*, 2013-Ohio-156.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120345 |
| | | TRIAL NO. B-0009380 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ANDREW BEVINS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified and Cause Remanded

Date of Judgment Entry on Appeal:  January 23, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Andrew Bevins*, pro se.

Please note:  we have removed this case from the accelerated calendar.

Per Curiam.

{¶1} Defendant-appellant Andrew Bevins appeals from the Hamilton County Common Pleas Court's judgment dismissing his "Motion to Correct Void Sentence" and "Motion to Correct Journal Entries." We affirm the court's judgment, but we remand this case for the proper imposition of postrelease control.

{¶2} In 2003, Bevins was convicted upon a jury verdict finding him guilty of escape. He unsuccessfully challenged his conviction in a direct appeal to this court, *State v. Bevins,* 1st Dist. No. C-040052 (Feb. 23, 2005), and, collaterally, in a series of postconviction motions. On appeal from the dismissal of his 2010 "Motion to Correct Void Sentence" and his 2011 "Motion to Correct Journal Entries," he presents two assignments of error.

{¶3} *Court properly disposed of "Motion to Correct Journal Entries."* We address first, and overrule, Bevins's second assignment of error, in which he contends that the common pleas court erred in ruling upon his "Motion to Correct Journal Entries." The motion, he insists, had not been before the court. But the record shows that the motion was filed with the court on December 14, 2011; therefore, the court cannot be said to have erred in ruling upon it.

{¶4} *"Motion to Correct Void Sentence" was reviewable and subject to dismissal under R.C. 2953.21 et seq.* Bevins's first assignment of error essentially restates the claim advanced in his "Motion to Correct Void Sentence" and may thus fairly be read to challenge the dismissal of that motion. We hold that the motion was properly dismissed.

{¶5} In his motion, Bevins sought correction of his sentence on the ground that it is void to the extent that the trial court had failed to adequately notify him concerning postrelease control. Bevins did not specify in his motion the statute or

rule under which he sought relief. R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, the common pleas court should have reviewed Bevins's motion as a postconviction petition under the standards provided by R.C. 2953.21 et seq. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶6} But Bevins filed his motion well after the expiration of the time prescribed by R.C. 2953.21(A)(2). And the record does not demonstrate either that he was unavoidably prevented from discovering the facts underlying his claim, or that his claim was predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the time for filing a postconviction petition had expired. Because Bevins satisfied neither the time strictures of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23(A), the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Bevins's postconviction claim on its merits, and the motion was subject to dismissal. We, therefore, overrule the first assignment of error.

{¶7} ***Court had jurisdiction to correct sentences to the extent postrelease-control notification was inadequate.*** Nevertheless, a trial court retains jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. And Bevins's sentence was void to the extent that he had not been adequately notified concerning postrelease control.

{¶8} A felony prison sentence must include a term of postrelease control. R.C. 2967.28 and 2929.14(F). And the sentencing court must notify the offender at

the sentencing hearing concerning postrelease control and must incorporate postrelease-control notification in the judgment of conviction.  R.C. 2929.19(B)(3)(c) through (B)(3)(e); *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus; *see also Woods v. Telb*, 89 Ohio St.3d 504, 513, 733 N.E.2d 1103 (2000) (holding that incorporation of postrelease-control notification in the judgment of conviction empowers the adult parole authority to impose postrelease control).  Specifically, the court must notify the offender, with respect to each offense, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation.  *See* R.C. 2929.19(B)(3)(c) through (B)(3)(e) and 2967.28(B) and (C); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69.

{¶9}  In sentencing Bevins for the second-degree felony of escape, the court was required to notify Bevins that upon his release from prison, he would be subject to a mandatory three-year period of postrelease control.  *See* R.C. 2929.19(B)(3)(c) and 2967.28(B)(2).  And the court was required to notify Bevins of the consequences of violating postrelease control and of the length of confinement that could be imposed for a postrelease-control violation.  *See* R.C. 2929.19(B)(3)(e).

{¶10}  At Bevins's sentencing hearing, the trial court advised him as follows:

Now, I am sure you are aware, having been up before that the parole board that once you served your time in this case will probably place you on Post-Release Control again; and if you violate conditions of that Post-Release Control as you know, you can be sent back to the penitentiary on this charge.  It could be for half of the time I originally

4

imposed. Also, you should be aware if you are out on Post-Release Control and you commit a new felony that you could receive an additional year in the penitentiary for committing that new felony while on Post-Release Control; and that is in addition to any time you get on [the] new felony * * *.

Thus, the postrelease-control notification provided at sentencing did not specify the duration of his postrelease-control supervision, did not state the mandatory nature of the supervision, and did not specify the length of confinement that could be imposed for a postrelease-control violation.

{¶11} The notification incorporated in the judgment of conviction was even less edifying, stating simply that "[a]s part of the sentence in this case, the defendant is subject to the post release [sic] control supervision of R.C. 2967.28." It did not specify the duration or the mandatory nature of the postrelease-control supervision, the consequences of violating postrelease control, or the length of confinement that could be imposed for a postrelease-control violation.

{¶12} The state moved to dismiss Bevins's "Motion to Correct Void Sentence" on the ground that the postrelease-control notification provided at sentencing and in the judgment of conviction was "sufficient[]," and that Bevins should have raised his challenge to the adequacy of the notification in his direct appeal. In support of its motion, the state cited the Ohio Supreme Court's decisions in *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, and *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722. The common pleas court, without elaboration, granted the state's motion.

{¶13} But *Watkins* and *Pruitt* do not, as the state would have them, establish a rule of substantial compliance with the statutory mandates concerning postrelease control based on the mere mention of postrelease control at sentencing or in the judgment of conviction. Nor do those cases support a rule of waiver or forfeiture when the offender fails to challenge his postrelease-control notification on direct appeal. *State v. Smith*, 1st Dist. No. C-120163, 2012-Ohio-5965.

{¶14} The postrelease-control statutes and the supreme court's postrelease-control decisions require that, with respect to each offense, a sentencing court notify the offender, both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation. *See Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶ 77-79; *Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 69. To the extent that postrelease control is not properly imposed, the sentence is "void," and "the offending portion of the sentence is subject to review and correction," "at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 27. *Accord Smith* at ¶ 19; *State v. Tensley,* 1st Dist. Nos. C-110452 and C-110453, 2012-Ohio-4265, ¶ 11-12; *State v. Ward*, 1st Dist. No. C-110158, 2011-Ohio-6382, ¶ 4-6; *State v. Copeland*, 1st Dist. No. C-110120, 2011-Ohio-6034, ¶ 4-6; *State v. Truitt*, 1st Dist. No. C-050188, 2011-Ohio-1885, ¶ 19-20; *State v. Thomas*, 1st Dist. Nos. C-100411 and C-100412, 2011-Ohio-1331, ¶ 7-9.

{¶15} Thus, Bevins's sentence is void to the extent it was not imposed in conformity with the statutory mandates concerning postrelease control. His 2010 "Motion to Correct Void Sentence" brought the matter to the common pleas court's

attention. Consequently, the common pleas court had jurisdiction to review and correct the offending portion of Bevins's sentence.

{¶16} *We affirm, but remand for resentencing.* The common pleas court properly ruled upon Bevins's "Motion to Correct Journal Entries" because the motion had been filed with the court. And his "Motion to Correct Void Sentence" was subject to dismissal because the postconviction statutes did not confer on the common pleas court jurisdiction to entertain the motion on its merits. Therefore, we affirm the court's judgment dismissing both motions.

{¶17} But Bevins's sentence is void to the extent that he was not adequately notified concerning postrelease control. We, therefore, remand this case for correction of the offending portion of his sentence in accordance with the law and this opinion.

Judgment accordingly.

SUNDERMANN, P.J., CUNNINGHAM and FISCHER, JJ.

J. HOWARD SUNDERMANN, retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its own entry on the date of the release of this opinion.