[Cite as *State v. Wilson*, 2013-Ohio-1813.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,               :           APPEAL NO. C-120511
                                           TRIAL NO. B-0208347

      Plaintiff-Appellee,        :

   vs.                            :             *O P I N I O N.*

GEORGE WILSON,           :

      Defendant-Appellant.      :

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed as Modified and Cause Remanded

Date of Judgment Entry on Appeal: May 3, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*George Wilson*, pro se.

Please note: we have removed this case from the accelerated calendar.

Per Curiam.

{¶1} Defendant-appellant George Wilson presents on appeal a single assignment of error, challenging the Hamilton County Common Pleas Court's judgment overruling his "Motion to Vacate and Correct a Void Sentence." We affirm the court's judgment, but remand this case for the proper imposition of postrelease control.

{¶2} In 2003, Wilson was convicted upon jury verdicts finding him guilty of felonious assault, aggravated robbery, tampering with evidence, and having weapons under a disability. He unsuccessfully challenged his convictions in a direct appeal to this court, *State v. Wilson,* 1st Dist. No. C-030549 (Aug. 25, 2004), and, collaterally, in a postconviction petition filed in 2004 and in his "Motion to Vacate and Correct a Void Sentence" filed in 2012. In this appeal from the overruling of his 2012 motion, he contends that the common pleas court erred in overruling the motion, because his sentences are void to the extent that the trial court had failed to adequately notify him concerning postrelease control.

{¶3} *Motion was reviewable and subject to dismissal under the postconviction statutes.* Wilson did not specify in his motion the statute or rule under which he sought relief. R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). Therefore, Wilson's motion was reviewable under the standards provided by the postconviction statutes. *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶4}   But Wilson filed his motion well after the expiration of the time prescribed by R.C. 2953.21(A)(2).  And the record does not demonstrate either that he was unavoidably prevented from discovering the facts underlying his claim, or that his claim was predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the time for filing a postconviction petition had expired.  Because Wilson satisfied neither the time strictures of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23(A), the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Wilson's postconviction claim on its merits.

{¶5}   *Common pleas court had jurisdiction to correct sentences to the extent postrelease-control notification was inadequate.*  Nevertheless, a court retains jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.  And Wilson's sentences are void to the extent that he was not adequately notified concerning postrelease control.

{¶6}   The postrelease-control statutes in effect in 2003, when Wilson was sentenced, required that, with respect to each offense, a sentencing court notify the offender, both at the sentencing hearing and in the judgment of conviction, of the length and mandatory or discretionary nature of postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation.  *See* former R.C. 2929.14(F), 2929.19(B)(3)(c) through (e), and 2967.28(B) and (C) (superseded in 2011 by R.C. 2929.14[D], 2929.19[B][2][c] through [B][2] [e], and 2967.28[B] and [C]); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79; *State v.*

*Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. *Accord State v. Smith*, 1st Dist. No. C-120163, 2012-Ohio-5965, ¶ 10-11.

{¶7}    Thus, in sentencing Wilson for the first-degree felony of aggravated robbery, the trial court was required to notify him with respect to each offense, both at sentencing and in the judgment of conviction, that upon his release from prison, he would be subject to a mandatory five-year period of postrelease-control supervision. *See* former R.C. 2929.19(B)(3)(c) and 2967.28(B)(1) (superseded by R.C. 2929.19[B][2][c] and 2967.28[B]). In sentencing him for the second-degree felonies of felonious assault, the court was required to notify Wilson that upon his release, he would be subject to a mandatory three-year period of postrelease control. *See* former R.C. 2929.19(B)(3)(c) and 2967.28(B)(2) (superseded by R.C. 2929.19[B][2][c] and 2967.28[B]). In sentencing him for the third-degree felony of tampering with evidence and the fifth-degree weapons-under-a-disability felony, the court was required to notify Wilson that upon his release, he would be subject to a discretionary period of postrelease control of up to three years. *See* former R.C. 2929.19(B)(3)(d) and 2967.28(C) (superseded by R.C. 2929.19[B][2][d] and 2967.28[C]). And the court was required to notify him of the consequences of violating postrelease control and of the length of confinement that could be imposed for violating postrelease control. *See* former R.C. 2929.19(B)(3)(e) (superseded by R.C. 2929.19[B][2][e]).

{¶8}    At Wilson's sentencing hearing, the trial court advised him concerning the consequences of violating postrelease control and of the length of confinement that could be imposed for violating postrelease control. But with respect to the

length and mandatory or discretionary nature of postrelease control, the court advised Wilson that "[a]fter prison release you may have up to three years or five years of postrelease control."

{¶9}   The notification incorporated in the judgment of conviction was even less informative, simply stating that "[a]s part of the sentence in this case, the defendant is subject to the post release [sic] control supervision of R.C. 2967.28." It did not specify the duration or the mandatory nature of the postrelease-control supervision, the consequences of violating postrelease control, or the length of confinement that could be imposed for a postrelease-control violation.

{¶10} To the extent that postrelease control is not properly imposed, a sentence is void, and the offending portion of the sentence is subject to review and correction at any time, whether on direct appeal or in a collateral challenge. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 27. *Accord Smith* at ¶ 19.  Thus, Wilson's sentences are void to the extent they were not imposed in conformity with the statutory mandates concerning postrelease control.  And because his motion brought the matter to the common pleas court's attention, the court had jurisdiction to review and correct the offending portions of Wilson's sentences.

{¶11} *We affirm, but remand for resentencing*.  We, therefore, hold that Wilson's "Motion to Vacate and Correct a Void Sentence" was subject to dismissal because the postconviction statutes did not confer on the common pleas court jurisdiction to entertain the motion on its merits.  Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the motion.  And we affirm the judgment as modified.

{¶12} But Wilson's sentences are void to the extent that he was not adequately notified concerning postrelease control. We, therefore, remand this case for correction of the offending portions of his sentences in accordance with the law and this opinion.

Judgment accordingly.

**HILDEBRANDT, P.J., CUNNINGHAM** and **FISCHER, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.